Appeal from Gregg County Court; J. H. McHaney, Judge.

Zeb Terry was convicted, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was prosecuted and convicted of unlawfully betting and wagering at a game of cards, and his punishment assessed at a fine of $10. The indictment charges an offense, and no statement of facts nor any bills of exceptions accompany the record. Attached to the motion for a new trial is the affidavit of J. M. Farr, who stated that he was one of the jurors in this case, as well as the case against George Lamont, and that he thought, during the trial of this case, he was to pass on the guilt or innocence of both parties at the same time. The affidavit as made presents a queer situation; but it states matters not verified by the record. If, as a matter of fact, the case of George Lamont was called and proceeded to trial, and the trial then suspended, and appellant placed on trial, if the same jury was called and on examination stated they had formed an opinion as to the guilt of this defendant, this fact should have been verified by bill of exception; if no objection was made to the juror after he had stated such facts, it would be too late to complain after verdict. The record discloses that George Lamont was not tried at the same time as appellant. If the matters were properly presented, they might be erroneous; but as here presented we cannot consider them in the absence of any bill of exception or statement of facts.

Affirmed.

---

LAMONT v. STATE.

(Court of Criminal Appeals of Texas. Feb. 18, 1914.)

1. CRIMINAL LAW (§ 1090*)—APPEAL—BILL OF EXCEPTIONS—REVIEW.

A matter simply alleged in the motion for new trial, but not verified by affidavit, bill of exceptions, or statement of facts, cannot be considered on appeal.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec.Dig. § 1090.*]

2. CRIMINAL LAW (§ 1124*)—APPEAL—RECORD—REVIEW.

A ground of motion for new trial relating to the statement of facts cannot be considered on appeal in the absence of the evidence.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2939, 2946–2948; Dec. Dig. § 1124.*]

Appeal from Gregg County Court; J. H. McHaney, Judge.

George Lamont was convicted, and appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. This case is before us without a statement of facts or bills of exception.

[1] The first ground of the motion for new trial, had it occurred as alleged, and been properly verified, might have presented a serious question; but it is not verified in any way. It alleges as a ground of the motion: That, after the state and defendant had announced ready for trial, and the testimony had all been introduced, opening argument of counsel was made by the state, and argument for defendant closed. The court suspended the trial of said cause, over appellant's objection, and went into the trial of a companion case, Terry v. State, 164 S. W. 2; the evidence in both cases being identical. The court forced the defendant in the Terry Case to draw a jury from the same panel of jurors trying this case, and the same jury to a man was drawn to try the case, and the Terry Case proceeded to trial with identically the same jury. This put the burden upon the said jury to try two cases, and to have in mind at the same time all the facts connected with both cases, and in a manner that, in deliberating upon one of the cases, they could not exclude from their minds the evidence in the other. When they had finished the Terry Case, and rendered a verdict, they were called back into the jury box to proceed with the trial in this case. That some of the jurors, while rendering their verdict in the Terry Case, were of the opinion that their verdict was to cover both the cases, and that they were trying both cases together, and thought they had disposed of this case until they were called back to proceed with it. That the jury were influenced in this case by the testimony in the Terry Case. In support of this ground of his motion, the defendant says he files herewith as a part hereof the affidavit of J. M. Farr; but the affidavit was not filed, nor any bill of exception reserved. By the simple allegation in the motion, with nothing to verify it either by affidavit or bill of exception, and without the statement of facts, we are unable to revise this ground.

[2] The remaining ground of the motion relates to the statement of facts which cannot be considered because the evidence is not before us. Had the first ground mentioned been properly verified and properly presented as alleged, it would have presented a very serious question, and a fatal error to the conviction.

As presented, however, the judgment is affirmed.